●ORIGINAL●

1  Julia E. Haus, Esq. (SBN 139130)
**JULIA E. HAUS LAW FIRM**
2  550 West "C" Street, Suite 620
San Diego, California 92101
3  Telephone: (619) 234-1100
Facsimile:  (619) 234-0709
4
**Attorneys for Plaintiff**
5  **MARLENE PUTTI**

FILED

07 OCT 29 AM 11: 56

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

6

7

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10  MARLENE PUTTI,                    )  CASE NO. '07 CV 2047  JAH AJB
                                     )
11              Plaintiffs           )
    vs.                              )  **COMPLAINT FOR DAMAGES FOR**
12                                   )  **MEDICAL NEGLIGENCE**
    UNITED STATES OF AMERICA,        )
13                                   )
                Defendant.           )
14  _____ )

15       **COMES NOW** plaintiff MARLENE PUTTI and allege as follows:

16                      **FIRST CAUSE OF ACTION**

17                         **(Medical Negligence)**

18       1.    At all relevant times mentioned herein, plaintiff MARLENA PUTTI was a resident

19  of the County of San Diego, State of California.

20       2.    Jurisdiction in this Court is proper, and this claim is brought under, the *Federal Tort*

21  *Claims Act, 28 U.S.C. section 1346(b)*.

22       3.    Venue is proper in the Southern District of California because the events alleged

23  herein occurred within the Southern District of California.

24       4.    Plaintiff is informed and believes, and thereon allege that Lawrence W. Schenden,

25  M.D., CDR, MC, USNR, ("Dr. Schenden"),was at all times mentioned herein a physician duly

26  licensed under the laws of the State of California, practicing his profession in San Diego, California.

27       5.    Plaintiff is informed and believes, and thereon alleges that Chad M. Baasen, M.D.,

28  LCDR, MC, USN, ("Dr. Baasen"), was at all times mentioned herein a physician duly licensed under



1    the laws of the State of California, practicing his profession in San Diego, California.

2         6.     At such time and place, Drs. Schenden and Baasen were employees and/or agents of

3    NAVAL MEDICAL CENTER, SAN DIEGO aka BALBOA NAVAL HOSPITAL ("BALBOA

4    HOSPITAL") of the DEPARTMENT OF THE NAVY, an agency of the UNITED STATES OF

5    AMERICA, and were acting within the course and scope of their office or employment.

6         7.     Plaintiff is informed and believes, and thereon alleges that each of the individuals

7    identified herein as employees and/or agents of defendant UNITED STATES OF AMERICA, was

8    negligent and otherwise responsible for the acts, conduct and omissions as hereinafter alleged

9    concerning the events in this Complaint, and said negligence, acts, conduct and omissions directly

10   and proximately caused the injuries and damages to plaintiff as alleged in this Complaint.

11        8.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned

12   herein, each of the individuals identified herein was the agent, servant, representative, and employee

13   of defendant UNITED STATES OF AMERICA, and was at all times mentioned herein acting with

14   the purpose and scope of said agency, service and employment, and defendant has ratified and

15   approved the acts of its agents, servants, representatives and employees.

16        9.     On and after April 3, 2003, defendant and its agents, servants, representatives and

17   employees, and each of them, rendered professional services in the examination, diagnosis,

18   treatment and care of plaintiff MARLENE PUTTI for symptoms related to her complaints of "chest

19   pain."

20        10.    At all times mentioned herein, defendant and its agents, servants, representatives and

21   employees had a duty to properly examine, diagnose, monitor, refer, care for and treat plaintiff

22   MARLENE PUTTI with that degree of skill and care ordinarily used by health care providers

23   engaged in the practice of their profession within the community.

24        11.    Plaintiffs allege that on and after April 3, 2003, defendant and its agents, servants,

25   representatives and employees, and each of them, failed to exercise the proper degree of care,

26   knowledge, skill, competence, learning and expertise ordinarily used by health care professionals

27   in the same, or similar, localities under similar circumstances in:

28              (a)     Failing to properly diagnose and inform plaintiff MARLENE PUTTI and her

2

1    referring/treating physicians of the abnormal findings on her chest x-rays to
2    include "new nodular density in the right midlung field and strandy opacities
3    in the right upper lung field..." on April 3, 2003;

4    (b)    Failing to properly diagnose and inform plaintiff MARLENE PUTTI and her
5    referring/treating physicians of the recommendation for follow-up chest x-
6    rays "to document resolution in 6 to 8 weeks" of the abnormal findings on
7    the April 3, 2003 chest x-rays; and

8    (c)    Failing to exercise the proper degree of knowledge, skill and ability by other
9    acts and/or omissions, the nature of which are unknown to plaintiff at this
10    time.

11    12.    Plaintiff MARLENE PUTTI did not return to her physicians until September 2, 2005
12    at which time another chest x-ray was performed and interpreted as "major abnormality, physician
13    aware." A CT and PET scan were performed and interpreted also as "abnormal." Once again,
14    plaintiff MARLENE PUTTI was not told that these abnormalities, along with the previous April 3,
15    2003 chest x-ray abnormality, indicated plaintiff had lung cancer. Further, plaintiff was not
16    informed by defendant and its agents, servants, representatives and employees, that the test results
17    were interpreted as suspicious for metastatic cancer.

18    13.    On or about May 2006, plaintiff MARLENE PUTTI was diagnosed as suffering from
19    lung cancer.

20    14.    As a direct and proximate result of said failure to exercise the proper degree of
21    knowledge, skill and ability by defendant and its agents, servants, representatives and employees,
22    and each of them, the extent of the undiagnosed lung cancer from which plaintiff MARLENE
23    PUTTI suffered, metastasized throughout her body requiring extensive care and treatment,
24    including, but not limited to multiple invasive treatments, and causing her to suffer extreme physical
25    and mental pain all to her general damage in an amount to be shown according to proof.

26    15.    As a further direct and proximate result of said failure to exercise the proper degree
27    of knowledge, skill and ability by defendant and its agents, servants, representatives and employees,
28    and each of them, plaintiff MARLENE PUTTI suffered injuries to her health, strength and activity,

1   sustaining injury to her body, shock and injury to her nervous system and person, all of which said

2   injuries have caused and continue to cause her great physical, mental and nervous pain and suffering.

3   Furthermore, plaintiff MARLENE PUTTI is informed and believes, and thereon alleges that said

4   injuries will result in some permanent disabilities to her. These injuries and disabilities have caused

5   plaintiff MARLENE PUTTI general damages in an amount in excess of this Court's jurisdictional

6   minimum which will be proven at the time of trial.

7       16.    As a further direct and proximate result of said failure to exercise the proper degree

8   of knowledge, skill and ability by defendant and its agents, servants, representatives and employees,

9   and each of them, because of said injuries it was necessary for plaintiff MARLENE PUTTI to

10  receive medical care and treatment, and she did incur medical and incidental expenses. Plaintiff

11  does not know the reasonable value thereof and prays leave to amend this Complaint to set forth the

12  true amount of said loss when the same has been ascertained or will prove the same at the time of

13  trial.

14      17.    Plaintiff MARLENE PUTTI is informed and believes, and thereon alleges that in the

15  future she will necessarily, by reason of said injuries and damages, be required to obtain additional

16  medical care and treatment and to incur additional medical and incidental expenses. Plaintiff does

17  not know the reasonable value thereof, and prays leave to amend this Complaint to set forth the true

18  amount of said loss when the same has been ascertained or will prove the same at the time of trial.

19      18.    Plaintiff first gave notice to defendant, UNITED STATES OF AMERICA, on or

20  about January 16, 2007 of her intention to commence this action with the claim set forth herein

21  presented to the Department of the Navy pursuant to *28 U.S.C., Section 2675(a)*. (A true and correct

22  copy of this "Notice," without attachments, is attached hereto as Exhibit 1.) To date, said agency has

23  neither accepted nor denied plaintiff's claim.

24      **WHEREFORE**, plaintiff MARLENE PUTTI prays for judgment against defendant

25  UNITED STATES OF AMERICA as follows:

26      1.    For general damages according to proof;

27      2.    For damages for past and future medical and incidental expenses according to proof;

28      3.    For prejudgment interest according to proof;

1      4.      For costs of suit incurred herein; and

2      5.      For such other and further relief as the Court may deem just and proper.

3

4  **Dated: October 26, 2007**          **JULIA E. HAUS LAW FIRM**

5

6                       **By:**

7                     **Julia E. Haus**
**Attorneys for Plaintiff**
**Marlene Putti**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 6-30-01 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Claims, Investigations & Tort Litigation<br>Claims Office<br>1322 Patterson Avenue, Suite 3000<br>Washington Navy Yard, D.C. 20374-5066 | Marlene Putti<br>c/o Julia E. Haus Law Firm<br>550 West "C" Street, Ste. 620<br>San Diego, CA  92101 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH<br>03/14/41 | 5. MARITAL STATUS<br>Widow | 6. DATE AND DAY OF ACCIDENT<br>May 2006 | 7. TIME (A.M. OR P.M) |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof)

Claimant was seen in the Emergency Room Dept. of Naval Medical Center-San Diego on April 3, 2003, with complaints of chest pain. A chest x-ray was taken and interpreted as "major abnormality, physician aware." The radiologist recommended to the emergency physician, Dr. Lawrence Schenden, follow-up chest x-rays be taken in 6-8 weeks. Claimant was never advised of these findings or the recommendation of the radiologist. Claimant did not return to her physicians until September 2, 2005 at which time another chest x-ray was performed and interpreted as "major abnormality, physician aware." A CT and PET scan were performed and interpreted also as "abnormal." Once again, claimant was not told that these abnormalities, along with the previous 2003 chest x-ray abnormality, indicated Claimant had lung cancer. Further, she was not informed that the test results were interpreted as suspicious for metastatic cancer. Claimant was subsequently diagnosed and told in May 2006 she was suffering from lung cancer which had metastasized for which she has undergone numerous invasive treatments and procedures all to her damage.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

Not Applicable.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

Not Applicable.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Although claimant is currently in remission, because of the delayed diagnosis her long-term prognosis is grim. This has significantly impacted her personal life, her relationship with her family and her family's lives, including that of her son, Gary Putti.

| 11. | WITNESSES | |
|---|---|---|
| NAME | | ADDRESS (Number, street, city, State, and Zip Code) |
| See Attachment 11 to Claim Form | | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>Not Applicable. | 12b. PERSONAL INJURY<br>$2,000,000.00 | 12c. WRONGFUL DEATH<br>Not Applicable. | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$2,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory<br>619-234-1100 | 14. DATE OF CLAIM |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

| 95-108<br>Previous editions not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☒ No |
|---|
| N/A |

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| | |

| 18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*) |
|---|
| |

| 19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☒ No |
|---|
| N/A |

\* U.S. GOVERNMENT PRINTING OFFICE: 1989--241-175

SF 95 (Rev. 7-85) BACK

## ATTACHMENT "11" TO CLAIM FORM - MARLENE PUTTI

### WITNESSES

| NAME | ADDRESS |
|---|---|
| Dr. Lawrence Schenden, CDR, MC., USNR<br>Dr. Chad M. Baasen, LCDR, MC, USN<br>Stephen G. Kolkow, M.D.<br>Daniel C. Kolkow, M.D.<br>K. Fagen<br>Darryl K. Itow, LCDR, MC, USNR<br>R.J. Boucher, LCDR, MC, USN<br>Doctors and Staff at Naval Medical Center - San Diego - Please see attached medical records for names and other identifying information | Naval Medical Center-San Diego<br>San Diego, California |
| Dr. Nujim Jerjees | USN Clairemont Mesa Primary Care Clinic<br>San Diego, California |
| John O. Clune, M.D. | John O. Clune, M.D.<br>5555 Grossmont Center Drive<br>La Mesa, California 91942 |
| Salvatore Tarantino, M.D. | 8881 Fletcher Parkway<br>La Mesa, California 91942 |
| Doctors and Staff at Sharp Grossmont Hospital | 5555 Grossmont Center Drive<br>La Mesa, California 91944 |
| Gary L. Putti | c/o Julia E. Haus Law Firm<br>550 West "C" Street, Suite 620<br>San Diego, California 92101 |

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| MARLENE PUTTI | UNITED STATES OF AMERICA |

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   U.S. San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Julia E. Haus, Esq., Julia E. Haus Law Firm, 550 West "C" Street,
Suite 620, San Diego, CA  92101, (619) 234-1100

Attorneys (If Known)
Unknown

'07 OCT 29 AM 11: 57

'07 CV 2047     JAH AJB

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1   U.S. Government
Plaintiff
- ☐ 3   Federal Question
(U.S. Government Not a Party)
- ☒ 2   U.S. Government
Defendant
- ☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | | | Under Equal Access |
| | Employment | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**PERSONAL INJURY**
- ☒ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Tort Claims Act, 28 U.S.C. section 1346(b)
Brief description of cause:
Medical negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   $2 million

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE   10/26/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   143767   AMOUNT   $350   APPLYING IFP   no   10/29/07   JUDGE _____   MAG. JUDGE _____

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 143767     – KD
* * C O P Y * *
October 29. 2007
12:19:20

**Civ Fil Non-Pris**
USAO #.: 07CV2047
Judge..: JOHN A HOUSTON
Amount.:                    $350.00 CK
Check#.: BC 6988


**Total-> $350.00**


FROM: CIVIL FILING
      PUTTI V. USA