KAREN P. HEWITT
United States Attorney
DIANNE M. SCHWEINER
Assistant U.S. Attorney
California State Bar No. 188013
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5680
Facsimile:   (619) 557-5004
Email: dianne.schweiner@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE PUTTI, | Case No. 07cv2047 JAH (AJB) |
| Plaintiff, | ANSWER TO COMPLAINT FOR DAMAGES ON MEDICAL NEGLIGENCE |
| vs. | |
| UNITED STATES OF AMERICA, | CTRM:    11<br>JUDGE:   Honorable John A. Houston |
| Defendant. | |

COMES NOW Defendant United States of America, by and through its attorneys, Karen P. Hewitt, United States Attorney, and Dianne M. Schweiner, Assistant United States Attorney, and in answer to Plaintiff's Complaint for damages (hereinafter "Complaint") states as follows:

1. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies each such allegation.

2. Answering Defendant alleges that paragraph 2 contains jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the court, and to which no answer is required. To the extent an answer is required, each and every allegation contained in said paragraph is denied.

3. Answering Defendant alleges that paragraph 3 contains jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the court, and to which no answer is required. To the extent an answer is required, each and every allegation contained in said paragraph is denied.

4. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore denies each such allegation.

5. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and therefore denies each such allegation.

6. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore denies each such allegation.

7. Answering Defendant denies the allegations of paragraph 7 of the Complaint in their entirety.

8. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and therefore denies each such allegation.

9. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore denies each such allegation.

10. Answering Defendant alleges that paragraph 10 contains allegations which present legal conclusions and questions of law to be determined solely by the court, and to which no answer is required. To the extent an answer is required, each and every allegation contained in said paragraph is denied.

11. Answering Defendant denies the allegations of paragraph 11 of the Complaint in their entirety.

12. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore denies each such allegation.

13. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and therefore denies each such allegation.

14. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore denies each such allegation.

15. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore denies each such allegation.

16. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore denies each such allegation.

17. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore denies each such allegation.

18. Defendant admits the allegations in paragraph 18.

19. As to plaintiff's Prayer for Relief, this answering Defendant denies generally and specifically each and every allegation contained therein.

AND NOW, by way of affirmative and other defenses, Answering Defendant alleges as follows:

**FIRST DEFENSE**

**(Failure to State a Claim)**

Plaintiff has failed to state facts sufficient to constitute a claim against Answering Defendant.

**SECOND DEFENSE**

**(Recovery Limited to Amount Stated in Administrative Claim)**

The Plaintiff is limited to recovery, if any, of the amount claimed administratively in accordance with 28 U.S.C. § 2675(b).

**THIRD DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Plaintiff's action is barred to the extent she has failed to exhaust her administrative remedies.

**FOURTH DEFENSE**

**(Absolute and Qualified Immunity)**

Plaintiff's claims are barred to the extent the specific acts at issue were performed within the scope of the Defendant employees' official duties. To that extent, Defendant is immune from suit under both the absolute and qualified immunity doctrines.

**FIFTH DEFENSE**

**(Beyond Scope of Administrative Claim)**

This Court lacks jurisdiction over Plaintiff's claims insofar as they are based on facts, events, or allegations that are beyond the scope of any administrative claim.

## SIXTH DEFENSE

### (Acts of Third Parties)

Any damage suffered by Plaintiff was the direct and proximate result of the actions of third parties other than Answering Defendant. To the extent Plaintiff's damages, if any, were caused or contributed by such third parties, Answering Defendant's liability, if any, must be apportioned and allocated in proportion to the respective fault of all third parties whose conduct proximately caused and contributed to any such damage.

## SEVENTH DEFENSE

### (Plaintiffs' Own Acts)

Any damages suffered by Plaintiff were the direct and proximate result of Plaintiff's own acts and/or negligence. This Answering Defendant asserts that if at the time of trial, the court or jury determines that there was some degree of responsibility on the part of this Answering Defendant, such injuries and damages were proximately caused by the concurrent negligence of the Plaintiff, and/or others as yet unknown persons or entities.

## EIGHTH DEFENSE

### (Estoppel)

Plaintiff has engaged in conduct and activities such that her equitable claims for damages or any other relief against Answering Defendant are barred by the equitable doctrine of estoppel.

## NINTH DEFENSE

### (Waiver)

Plaintiff's claims are barred to the extent she has voluntarily, knowingly, and intentionally waived and relinquished any right to recovery sought against Answering Defendant.

## TENTH DEFENSE

### (Failure to Mitigate)

Plaintiff failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish her alleged damages.

**ELEVENTH DEFENSE**

**(Assumption of the Risk)**

Plaintiff's action is barred due to the fact that Plaintiff voluntarily assumed the risk of the activities alleged in the Complaint on file herein, and Plaintiff's resultant damages, if any, were proximately contributed to and caused by her own voluntary assumption of the risk.

**TWELFTH DEFENSE**

**(Pre-existing Injuries)**

Conditions and/or occurrences prior to the treatment complained of caused Plaintiff's alleged injuries. Defendant is not liable for those pre-existing conditions and/or occurrences.

**THIRTEENTH DEFENSE**

**(Exercise of Due Care)**

Defendant and its personnel exercised due care and diligence in accordance with the standard of care in the community with reference to Plaintiff.

**FOURTEENTH DEFENSE**

**(Unavoidable injuries)**

Defendant is not liable to Plaintiff to the extent her injuries were unavoidable.

**FIFTEENTH DEFENSE**

**(Adequate Warning)**

Defendant and its employees gave adequate warning of any alleged risks of injury.

**SIXTEENTH DEFENSE**

**(Present Value)**

Any and all future damages, if any, must be reduced to present value.

**SEVENTEENTH DEFENSE**

Answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses. Answering Defendant reserves the right to assert additional affirmative defenses at a later date.

WHEREFORE, Answering Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of her Complaint;

2. For costs of suit as allowed by law; and

3. For such other relief as may be equitable and appropriate.

DATED: April 4, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Dianne M. Schweiner

_____
DIANNE M. SCHWEINER
Assistant United States Attorney
Attorneys for Defendant
United States of America

1 | KAREN P. HEWITT
United States Attorney
2 | DIANNE M. SCHWEINER
Assistant U.S. Attorney
3 | California State Bar No. 188013
United States Attorney's Office
4 | 880 Front Street, Room 6293
San Diego, California 92101-8893
5 | Telephone: (619) 557-5680
Facsimile:  (619) 557-5004
6 | Email: dianne.schweiner@usdoj.gov

7 | Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| MARLENE PUTTI, | ) Case No. 07cv2047 JAH (AJB) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| vs. | ) |
| | ) CTRM:  11 |
| UNITED STATES OF AMERICA, | ) JUDGE:  Honorable John A. Houston |
| Defendant. | ) |

IS HEREBY CERTIFIED THAT:

I, DIANNE M. SCHWEINER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the following documents:

ANSWER TO COMPLAINT FOR DAMAGES FOR MEDICAL NEGLIGENCE

on the parties listed below by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following parties and/or their counsel in this case:

1  Julia E. Haus, Esq.
   550 West "C" Street, Suite 620
2  San Diego, CA 92101

3

4  I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 4 ,
   2008.
5

6

7                                            s/ Dianne M. Schweiner
                                             DIANNE M. SCHWEINER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28